The last case is Arsus v. Tesla, No. 24-1344. Mr. Bright, when you're ready. Good morning. May it please the Court, I'm Pat Bright. I represent the appellant, Arsus, LLC, in this appeal from a decision in an IPR by the Patent and Trademark Appeal Board. I would like to, when we first filed this appeal, we didn't know about the forthcoming decision in Loper-Bright, but it came to pass, that case came down after. Can you explain to me how that case matters? Didn't that case just overrule Chevron? Well, here's how we think of the problem, Your Honor. Well, no, answer that question. Isn't that what that case did? It overruled Chevron? Yes. We've never given Chevron deference to the PTO on questions of invalidity. So why does that case matter? It matters. We don't give deference to the PTO, except in a very limited circumstance for procedural regulation it enacted under the AIA. You're arguing about the merits of the invalidity decision, right? Yes. So we don't give deference to them. Very well. Thank you, Your Honor. So then there are two issues, and we submit they're both issues of law. The first is what is the correct claim interpretation? We submit that the correct claim interpretation is that all the claims at issue are not means plus function. Why does this matter? The Board explicitly said we don't need to decide whether this is means plus function or regular because it's shown as obviousness under both claim interpretations. Because at the end of the day, whatever you decide about that issue, it will still be left for someone else to decide whether to do the claim interpretation. The Board already did it. The Board said if we look at this as means plus function, this combination I think of Duchamp and Hussain renders it obvious. If we look at this as non-means plus function claims, Duchamp and Hussain also render it obvious. So isn't your argument then that Duchamp and Hussain don't render this obvious? And what claim elements are not shown by those two combinations? Yes, that's right. But whatever you decide on that question will still be left in an enforcement proceeding with some judge having to decide the issue of whether the claims are or are not means plus function. Not if we affirm the Board's invalidity decision, the claims will be dead. Well, we respectfully disagree with you. That's all. Respectfully disagree that if we affirm the Board's invalidity decision, the claims are dead? No, we think that the – we think this panel – Why aren't you getting to the point? Why – what claim elements do Duchamp and Hussain not show? Okay. One thing is for sure. The Board never told anybody the answer to that question. We held the answer in our briefing. We say at page 20 and 21 of our opening brief that the missing element – Maybe you're misunderstanding the question. I want to make sure I'm not getting lost. I think the Board clearly said that the combination discloses and renders obvious all the elements of your claim, right? That's right. I thought you're – and Judge Hughes, I think, is asking you, tell us where the Board is wrong. What element is actually missing from that combination? We say it on page 21 of our brief, our opening brief. We say the limitation says that prevents said vehicle from being steered beyond the rollover threshold of the vehicle at any rollover-capable speed of the vehicle. That's not in Duchamp. Yes, but it's in Hussain. Pardon? It's in Hussain. No, it isn't. That's the point. It isn't in Hussain. Where do you say it's not in Hussain? I read it. No, you just said it. It's hard for me to explain to you where the absence of something is, Your Honor. It's like saying, where is the $5 bill that used to be in my wallet? It isn't in there anymore, so it's absent. There's nothing in – This is all talking about what's not in Duchamp. The Board did not rely only on Duchamp. Of course not. I know that. It relied on Duchamp and Hussain. Right. So when the Board says everything's in these two elements, you have to show this is in neither of them. That's right. That's right. But I wanted to start with the basic idea of an admission here that the Duchamp reference alone does not invalidate any claim for obviousness. That's not the basis. Okay. You're wasting our time. So then Hussain – so it must be something absent from Duchamp that follows in order to make the argument that the combination of Duchamp and Hussain makes the claim obvious. Okay? So that raised the question, what is it that's absent from Duchamp that is supposedly in Hussain? The Board doesn't say it. But we tell you in our brief at page 21 that the elements – should we spell it out? The elements that are absent from our independent claims 1, 8, and 15 are specified on page 21 of our opening brief. Those are not in Hussain. And there's another point here. Where does the stuff you're citing to me on 21 say they're not in Hussain? It says on page 21 of our opening brief that the – Doesn't that go to Duchamp? That doesn't go to Hussain. No, these are the elements that are not in Duchamp. Correct. And not in Hussain either. Where is that argument? That appears on page 21 of our opening brief. We say these elements are not in Duchamp and they're not in Hussain either. Where is there a sentence on this page that says these elements are not in Hussain? I thought the argument on invalidity was that a person of ordinary skill in the art would not combine these two. Not that the elements were missing from Hussain. I can't hear what you're saying. I thought your argument with respect to invalidity was that a person of ordinary skill in the art would not combine these two prior art references. Not that the two prior art references lacked some element. We say both there. And in support of that, we submitted the declaration of Mr. Gusson. It is in the appendix at 2145 and followed. He is an expert under Rule 702 and he qualified to explain why the elements that are pointed out on page 21 of our opening brief are not in Hussain. But that even if they were, it wouldn't be obvious to combine them. He's explained all that. The countervailing evidence is the declaration of Mr. Andrews. But Mr. Andrews admitted, when I took his testimony, he admitted that this is on page 27 of our opening brief. He admitted that in Hussain, I asked him, the activation of Hussain's brake has nothing to do with whether a vehicle is below the threshold of rollover, at the threshold of rollover, or beyond the threshold of rollover. Isn't that correct? And he said, the answer is yes. And I said, so the point is that the activation of the brake in Hussain's scheme has nothing to do with where the vehicle is with respect to the threshold of rollover. Is that right? And he said, that's correct. That's his admission under Federal Rules of Evidence 801D2. He is the only spokesman for Tesla in this proceeding. And he admitted that my point about Hussain is correct, which means that it isn't obvious to add anything from Hussain, even if you say incorrectly, that some element that's in our claim is also disclosed in Hussain. Consider this. Deschamps is talking about a vehicle, which presumably has its own braking system. So why would you add another braking system? It doesn't make any sense. But even if that was true, they're sole spokesmen. Look at what he says on page 28. So the point is that activation of the brake in Hussain has nothing to do with where the vehicle is with respect to the threshold of rollover, correct? And he said, that's correct. And he had the opportunity to change that answer after he got the transcript of this thing. And he didn't change it. And the reason he didn't change it was that his answer was the right answer. It was correct. And this officiates the idea that it would be obvious to put anything from Hussain with Deschamps. And that's the end of the obviousness, really. Now, I said before that Gusson credentials, if you look at his declaration beginning at appendix 2145, his credentials are stellar compared to Mr. Andrews. See, when you turn to Andrews' statements that are supposed to be in support of Tesla, you aren't looking at 801B2 of Federal Rules anymore. Now you're looking at Federal Rules of Evidence 702. Does he qualify as an expert by experience and training? And the answer is no. He hadn't done any engineering work since the 1990s. And this invention came along in 2010. He was unqualified to say anything to you. So if you're not going to decide the question of whether these claims are means plus function and only going to decide whether it's obvious to put Deschamps with Hussain, the answer is given to us by Tesla's own witness, the Honorable Mr. Andrews, under 801D2. That answer binds them. And that answer says that it's not obvious to put them together. Add to that what Guston has had to say, which is reproduced on pages 28 and 29, where he explains in detail why Hussain wouldn't be put with Deschamps under any circumstances. That's our case in a nutshell, for not obviousness.  Roberts. Okay. Your interview is about all. You want to save the rest of it? Thank you. Counsel, you're going to have to help me with how to pronounce your last name. Fossey. Fossey.  Relatively phonetic. When you're ready. May it please the court, Ashraf Fossey, counsel for Appellee Tesla. Your Honors, there are three reasons the court should affirm the board's decision. First, substantial evidence supports the board's meticulous review of the teachings of Deschamps and Hussain to find the challenge claims unpalatable. On appeal, Arsys offers no evidence or arguments to overcome this mountain of support. That Arsys disagrees with the board's factual findings does not create reversible error. This court should affirm on this basis alone without ever needing to analyze whether the rollover apparatus limitations are subject to 112-F. Second, Arsys' focus in its briefing on whether rollover apparatus limitations should be construed as a meansless function is a red herring. It's entirely irrelevant to the other. Can you just jump right to the merits and explain why you think the board's decision that there's a motivation to combine these two references is supported by substantial evidence? And also respond briefly that not all the elements are there, although I didn't really get a clear answer on what elements aren't there. Yes, Your Honor. As to the first issue that you raised, motivation combined, substantial evidence, there's substantial evidence in the record, and the board went through it in detail as to explicit motivations as to why a person of ordinary skill in the art would be motivated to combine the references. That's starting in Appendix 36. Just to highlight a few examples, the board noted that Hussein's end of travel brake would provide tactile feedback to the driver in Deschamps' steer-by-wire system, which was a known issue. The board also noted that Hussein's brake would provide resistive torque. That's another motivation. And the evidence showed that Deschamps teaches a fixed angular travel for the steering wheel, and that in and of itself created a reason to look to Hussein as an implementation or a way to implement such a fixed angular travel, steering angle. And that evidence is also supported, and the board, in the following decision, credited Mr. Andrews' testimony on that point. Now, Arsys argues this morning as to the credibility of Mr. Andrews. First, I'll note that on appeal, it didn't argue anywhere in its appeal briefs that Mr. Andrews didn't qualify as an expert, so that's new. But otherwise, the board, all of the arguments that are presented in the briefing and on appeal were weighed carefully by the board in the following decision, and they were rejected. Those are at Appendix 43 and Appendix 46. I take you back to motivation to combine. You may well have cited substantial evidence. But can you show me where the board actually makes a finding on the motivation to combine and articulates their reasoning so that we can reasonably discern what their finding was? So at Appendix 36, the board walks through the asserted reasons for combining Deschamps and Hussein. Citing to the petition, including some of the examples that I just raised. And then subsequently, on the following pages, from Appendix 37 through 41, it addresses one by one each of the arguments raised by Arsys and why the evidence doesn't. I see where it goes through what the parties have argued. Yes. And I can, I guess, infer that they were persuaded by the petitioner. After all, they rule that the claims have been proven unpalatable. I'm just not clear on where they're actually making a finding or where's the best place I can look to for a finding on motivation to combine. Well, I can address that in, I think, two parts. One is that at Appendix, it states, the board states its conclusion as to both constructions. So if we're talking about means-plus-function construction or non-means-plus-function construction. And as a non-means-plus-function construction, at Appendix 28, it reaches the ultimate conclusion that if Claim 1 does not invoke means-plus-function, for the reasons above, petitioner shows that its proposed combination teaches the limitation. Also, at Appendix 43, the board states that for the reasons above, petitioner shows that Deschamps teaches steering up to the point of roller, that Deschamps is enabled, and one of ordinary skill in the art would have combined Deschamps and Hussain. Counsel, what about this argument in the blue brief at the bottom of page 24 and 25? This analysis shows neither that Deschamps' two implementation steering scenarios is or can be rollover prevention apparatus that the claims at issue call for. Neither of Deschamps' implementation steering scenarios prevents steering a vehicle beyond a threshold of a roll under any circumstances. For that element of the claims at issue missing from Deschamps, the FWD resorts to Hussain, but Hussain doesn't disclose that missing element either. Yes, Your Honor, I believe that argument is incorrect, and the facts and the evidence that the board went through show that. Can you just point me to that evidence? Yes. First, I think there's two important parts that I think the best evidence is at Appendix 30, in which the board explicitly says and cites to Deschamps' disclosure, which it says, because we find that Deschamps teaches, quote unquote, a maximal angle for the steering wheel based on a criterion that can be 100% of the rollover transverse acceleration, we determine that Deschamps teaches or suggests this limitation. And what's disclosed there is that Deschamps' fixed steering angle can be set to be exactly 100% of what the rollover angle would be. It also talks about Deschamps' purpose as to it being to limit the driver to being able to steer their vehicle within the range of safe movements of the vehicle. And importantly, whether or not the board relied on Hussain for this limitation is dependent upon which construction the board was interpreting at the time. Hussain is really looked to for the corresponding structure, if meansless function did apply, and to a different aspect of the limitation if meansless function doesn't apply. And the board noted that Hussain may not even be necessary, depending on the breadth of the scope here. I believe, Your Honor, that answers both of Judge Hughes' questions as to the missing limitations and the motivation combined, but happy to answer more questions on that if there are. I'd like to also just quickly note one more issue with regards to the independent basis for affirmance regarding the SRAM ground that is in our brief. In Petitioner's and Appellant's reply, they raised N. Ray Lee, arguing that Lee bars affirmance in view of ground one. Did the board reach this? Excuse me? Did the board reach this? The board did not reach this in the following statement. Okay. But we believe it's a pure legal issue under N. Ray Kuniski that there are no disputes to any of the facts that are of record on this issue. And N. Ray Lee is inapplicable here, because in that case, there was no discussion in the opinion as to the purported alternative grounds, other than saying they would raise that oral argument. And the court noted that the parties needed a fair opportunity to support their positions. Here, the argument was fully briefed before the PTAB, and it's been briefed as well here, and there's been a fair opportunity. If there are no further questions, I'll exceed my time. Thank you. Mr. Bright, you have a little over five minutes. Thank you, Your Honor. On the so-called alternative ground for affirmance, my opponent did not appeal that. This went against him at the board, and he didn't appeal it. So he waived it. It's gone. It never was presented in this appeal, and we didn't brief it for that reason. I think he probably has a chinery problem, too, for us to affirm on that. Why don't you address the merits of the actual basis the board decided the case on? Okay. That's the obviousness point. Obviousness is an issue of law, so we don't have to defer to any board of appeal, which has no Article I or Article III judges, just some bureaucrats appointed by the Patent Office. But we do review their factual findings for substantial evidence. That's my point about Loper. Loper says you don't do that anymore because you don't have to pay attention to those bureaus.  That is not what Loper says. Very well, Your Honor. That is not even – We disagree with that. Okay. You need to be very careful here about making a frivolous argument. Yes, sir. Let me get back to the obviousness argument, if I can, and back to our brief, where we point out, as I said, on pages 21 and 22, we say, we point out the elements that are absent from Deschamp and likewise absent from Hussain, and my opponent has not pointed out where these elements are found in either reference. We know that Deschamp alone doesn't invalidate a single patent claim at issue here. Their expert, so-called expert Andrews, admitted it. I still don't see where – So either they find it in Hussain or it's nowhere. I still don't see where you actually argued that there's any element that isn't found in either or in the combination of Deschamp and Hussain. I said these elements are absent from – Hold on. Let me just get the question out. Is page 21 the place – Yes, sir. In my opening brief, I said these elements are absent from Deschamp and absent from Hussain. You're saying page 21. That's where it is. And remember, I do not want to hear frivolous arguments. Where does it say those elements are absent from Hussain? It says this, Your Honor, at this page. It says these elements are absent from Deschamp, and it says the board therefore relies upon Hussain to fill the gap, but Hussain doesn't have these elements. Where does it say that last part, that Hussain – but Hussain doesn't have these elements? To my reading, the brief says, and should say to you, that these elements listed on page 21 are not disclosed in Hussain, and my opponent does not even assert otherwise. And my opponent does not even attempt to step away from the admissions of his own expert. He said not a word about that. Anyway, that's all I have to say on rebuttal. Thank you.  Thank you. The case is submitted.